**Tjahjono UNIWATI, Petitioner,**

v.

**Paul D. CLEMENT,[1] United States Attorney General, Respondent.**

**No. 07–1191–ag.**

United States Court of Appeals, Second Circuit.

Sept. 17, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Paul D. Clement is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

H. Raymond Fasano, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Ernesto H. Molina, Jr., Senior Litigation Counsel; Anthony P. Nicastro, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Tjahjono Uniwati, a citizen of Indonesia, seeks review of a February 26, 2007 order of the BIA affirming the June 17, 2005 decision of Immigration Judge ("IJ") Roxanne Hladylowycz, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tjahjono Uniwati*, No. A96 260 546 (B.I.A. Feb. 26, 2007), *aff'g* No. A96 260 546 (Immig. Ct. N.Y. City June 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excuse the untimeliness under 8 U.S.C. § 1158(a)(2)(D).

280

Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and "questions of law." *Id.* § 1252(a)(2)(D). Uniwati does not raise any challenge to the IJ's finding that his asylum application was time-barred. Because he has failed to present any constitutional claim or question of law related to this finding, we lack jurisdiction to review the IJ's denial of his asylum claim and dismiss the petition for review to that extent. *Id.* § 1158(a). However, we may review his challenge to the agency's denial of his withholding of removal claim.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard.

■ Substantial evidence supports the agency's conclusion that the incidents Uniwati described did not rise to the level of persecution. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 222 (BIA 1985). This Court has clarified that a valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse. *Beskovic v. Gonzales,* 467 F.3d 223, 226 n. 3 (2d Cir.2006) (citing *Tian–Yong Chen v. INS,* 359 F.3d 121, 128–29 (2d Cir.2004)). However, the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006).

In this case, Uniwati described numerous incidents in which he was called offensive names and assaulted for money. It is true that "violent conduct generally goes beyond the mere annoyance and distress that characterize harassment [as opposed to persecution]." *Id.* at 342. However, the agency did not err in finding that considered in the aggregate, the incidents of violence alleged by Uniwati, which resulted in injuries that were not severe, did not constitute past persecution. *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir. 2007).

Moreover, Uniwati only alleged acts of harm that occurred at the hands of private citizens. Although "private acts may be persecution if the government has proved unwilling to control such actions," *Ivanishvili,* 433 F.3d at 342, the agency reasonably determined that Uniwati failed to establish past persecution where he admitted that he had not alerted government authorities after most incidents and that they had responded when called.

■ Regarding Uniwati's claim that it is more likely than not that he will suffer persecution if removed to Indonesia because of a pattern and practice of persecution against Chinese Christians, the agency reasonably considered the evidence in the record and determined that he had failed to meet his burden of proof. In reaching this determination, the agency found that general country conditions in Indonesia did not demonstrate that most Chinese Christians, similarly situated to Uniwati, are persecuted. Indeed, the 2004 Department of State Country Report on Human Rights Practices for Indonesia states that "[i]nstances of discrimination and harassment of ethnic Chinese Indonesians declined compared with previous years," and the 2004 International Religious Freedom Report indicates that most Indonesians enjoy a great deal of religious freedom despite sporadic incidents of interreligious violence. Uniwati's reliance on the historical mistreatment of Chinese

persons in Indonesia, as detailed in *Sael v. Ashcroft,* 386 F.3d 922, 925–27, 930 (9th Cir.2004) (finding that ethnic Chinese have been a historically disfavored group in Indonesia and holding that the applicant was eligible for asylum), would not compel a reasonable factfinder to find that Uniwati had demonstrated that he satisfied his burden.

Moreover, the agency appropriately found Uniwati's claim of a likelihood of future persecution further weakened by the fact that his mother and siblings remain unharmed in Indonesia. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (noting that "evidence that [the applicant's] mother and daughters continued to live in El Salvador ... cuts against her argument"). Likewise, Uniwati's reliance on the historical resentment of Chinese does not contradict the agency's reasonable reliance on the fact that Uniwati had failed to establish that he could not reasonably relocate in order to avoid persecution. 8 C.F.R. § 1208.16(b)(3)(i). Ultimately, substantial evidence supports the agency's finding that Uniwati failed to demonstrate a likelihood of future persecution; accordingly, we cannot disturb the agency's denial of Uniwati's withholding of removal claim.

Finally, as Uniwati failed to present any argument addressing the agency's denial of CAT relief, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).